IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEANDRE SUGGS, # 449749,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00136-JPG |
| ) | |
| **RICK WATSON,** ) | |
| **THOMAS TRICE,** ) | |
| **PHIL MCLAURIN, and** ) | |
| **CORRECTIONAL OFFICER SABO,** ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Deandre Suggs, currently incarcerated at the St. Clair County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff claims that in December 2013 he was strip searched in a public, humiliating fashion by Correctional Officer Sabo.  He subsequently told Major Phil McLaurin and Captain Thomas Trice, but they did nothing—which Plaintiff characterizes as "deliberate indifference." Plaintiff further alleges that Sheriff Rick Watson, in his official capacity, was "deliberately indifferent" and "negligent," in failing to properly train Jail staff regarding strip search procedures and failing to respond to complaints of constitutional violations by his staff. Plaintiff also complains about the conditions of his confinement.  He was confined in a cold cell for four and a half days with no mattress or blanket.  When Plaintiff complained to Correctional Officer Sabo, Sabo did nothing but threaten Plaintiff about complaining.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into four counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**Count 1: Correctional Officer Sabo strip searched Plaintiff in a fashion that violated the Eighth and Fourteenth Amendments;**

> **Count 2:** Major Phil McLaurin and Captain Thomas Trice were deliberately indifferent to Plaintiff's complaints about the strip search itself and the strip search policy, in violation of the Eighth and Fourteenth Amendments;
>
> **Count 3:** Sheriff Rick Watson, in his official capacity, was negligent and deliberately indifferent by failing to properly train Jail employees regarding strip searches, and by failing to act in response to complaints of constitutional violations, in violation of the Eighth and Fourteenth Amendments; and
>
> **Count 4:** Correctional Officer Sabo was deliberately indifferent when he left Plaintiff in a cold cell without a mattress and blanket, in violation of the Eighth and Fourteenth Amendments.

## Discussion

As a preliminary matter, the Court notes that Plaintiff has brought suit under both 42 U.S.C. § 1983 and the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680. Section 1983 allows constitutional torts against state actors to be pursued in federal court. In contrast, the FTCA allows tort claims against the United States and its agents. The federal corollary to a Section 1983 claims is an action pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). Even if Plaintiff was in the custody of the U.S. Marshal and merely housed in the St. Clair County Jail, a housing contract between the Marshals Service and a county jail does not automatically federalize the jail employees. *See Belbachir v. County of McHenry,* 726 F.3d 975, 978 (7th Cir. 2013). Therefore, any and all FTCA claims must be dismissed with prejudice. This action shall proceed under Section 1983.

Insofar as "negligence" is mentioned relative to Count 3, Section 1983 creates a cause of action for constitutional deprivations. *See Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). Therefore, all claims of "negligence" must be dismissed because the Constitution does not protect against negligence. *See Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013).

The constitutional standards applicable to Plaintiff's claims are determined based on whether he was an arrestee, detainee or convict. The complaint does not indicate Plaintiff's status at the time of the alleged incidents. The Court will presume Plaintiff was a pretrial detainee. The Due Process Clause of the Fourteenth Amendment prohibits conditions of confinement for pretrial detainees that amount to punishment. *Board v. Farnham,* 394 F.3d 469, 477 (7th Cir. 2005). Therefore, his claims arise under the Due Process Clause of the Fourteenth Amendment. *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Eighth Amendment case law can also generally be used in evaluating such Fourteenth Amendment claims; for all relevant purposes, the standards are interchangeable. *See Rice ex rel. Rice v. Corr. Med. Servs.,* 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010).

**Count 1**

Protracted, gratuitous and humiliating strip searches can violate the Eighth Amendment. *See Mays v. Springborn*, 719 F.3d 631 (7th Cir. 2013). Therefore Count 1 states a colorable constitutional claim against Correctional Officer Sabo. Count 1 shall proceed.

**Count 2**

Count 2 alleges that, three days after he was strip searched in a public, humiliating fashion, Plaintiff complained to Major Phil McLaurin and Captain Thomas Trice that his constitutional rights had been violated "by the systemic nature of the Jail[']s strip search policie [sic] and/or official custom" (Doc. 1, p. 7). Plaintiff contends that McLaurin and Trice were deliberately indifferent because they failed to act upon Plaintiff's complaints.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or

participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois,* 662 F.3d 866, 870 (7th Cir. 2011). *See also Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement). *See also Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement).

Plaintiff does not allege that McLaurin and Trice had anything to do with the strip search or making the strip search policy and/or custom. Rather, it is alleged that when Plaintiff complained to them, McLaurin and Trice did nothing. In fact, it is alleged that Trice told Plaintiff that his only rights were those listed in the Jail Rule Book.

Furthermore, prison grievance procedures—and thus more generalized complaints like Plaintiff made to McLaurin and Trice—are not constitutionally mandated and, therefore, do not implicate the Due Process Clause. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson,* 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996).

For these reasons, Plaintiff has failed to state a colorable constitutional claim against Major Phil McLaurin and Captain Thomas Trice. Count 2, Trice and McLaurin will all be dismissed with prejudice.

**Count 3**

Count 3 is lodged against Sheriff Rick Watson in his official capacity. Allegedly, Watson was "deliberately indifferent" and "negligent," in failing to properly train Jail staff regarding strip search procedures and failing to respond to complaints of constitutional violations by his staff.

Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), municipalities—such as St. Clair County—may be held directly liable under Section 1983 for official policies or customs that result in constitutional deprivations. "Actions against individual defendants in their official capacities are treated as suits brought against the government entity itself." *Walker v. Sheahan,* 526 F.3d 973, 977 (7th Cir. 2008) (citing *Hafer v. Melo,* 502 U.S. 21, 25 (1991)); *see also Monell*, 436 U.S. at 691 n. 55. Consequently, this Court considers Sheriff Watson, in his official capacity, to be a proper defendant in a *Monell* claim.

For purposes of liability under *Monell*, "[a]n official policy or custom may be established by means of an express policy, a widespread practice which, although unwritten, is so entrenched and well-known as to carry the force of policy, or through the actions of an individual who possesses the authority to make final policy decisions on behalf of the municipality or corporation." *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 675 (7th Cir. 2012); *see also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The failure to adequately train employees also may be a basis for imposing liability on a municipality, if the failure to train reflects a conscious choice among alternatives that evinces a deliberate

indifference to the rights of the individuals with whom those employees will interact. *Rice ex rel. Rice*, 675 F.3d at 675. Therefore, given the general allegations against Sheriff Watson, and considering the reference to the Jail Rule Book, Count 3 states a colorable claim of municipal liability regarding a an unconstitutional strip search policy or custom, and a failure to train in relation to strip searches.

Insofar as Count 3 also alleges that Watson failed to act in response to complaints of constitutional violations by staff, this claim will be construed as a policy, practice or custom claim, even though it reads somewhat more like a personal involvement claim. Again, the reference to the Jail Rule Book, provides the slim reed supporting this claim.

**Count 4**

Count 4 alleges that Plaintiff was confined in a cold cell for four and a half days with no mattress or blanket. When Plaintiff complained to Correctional Officer Sabo, Sabo did nothing but threaten Plaintiff about complaining.

Jail officials violate the Eighth Amendment (and Fourteenth Amendment) if they are deliberately indifferent to adverse conditions that deny "the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 825, 834-35 (1994). Prisoners cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988). However, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

The complaint adequately states a claim that Correctional Officer Sabo was deliberately

indifferent to the conditions of Plaintiff's confinement, which at this stage appear to fall below the constitutional minimum.  Count 4 against Correctional Officer Sabo shall proceed.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, any and all Federal Tort Claim Act claims must be **DISMISSED with prejudice** and this action shall proceed under 42 U.S.C. § 1983; accordingly, all claims of "negligence" are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 2**, **PHIL MCLAURIN** and **THOMAS TRICE** are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 1, 3 and 4** against Defendants **RICK WATSON** and **CORRECTIONAL OFFICER SABO** shall **PROCEED**.

The Clerk of Court shall prepare for Defendants **RICK WATSON** and **CORRECTIONAL OFFICER SABO**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address

shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 4, 2014**

*s/ J. Phil Gilbert*
United States District Judge
